UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| STEVE CRASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 2:17-cv-440 |
| | ) | |
| SEI SOLUTIONS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Steve Crase, hereinafter Mr. Crase, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, SEI Solutions LLC, hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

1

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Crase, is a male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about December 24, 2015, Mr. Crase filed charges of Disability Discrimination, Retaliation for asserting his rights under the ADA and FMLA along with failure to comply with FMLA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2017-02007.

8. On or about April 18, 2017, Mr. Crase received a Notice of Right to Sue from the EEOC for Charge Number 470-2017-02007, entitling him to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Crase on or about January 2013.
11. Throughout his employment with Defendant, Mr. Crase met or exceeded Defendant's legitimate expectations of performance.
12. In 2016 Mr. Crase underwent a DOT physical.
13. Testing from the DOT physical indicated possible cancer and additional testing was necessary.
14. Two or three days after his DOT physical Mr. Crase informed the Defendant that he was going to the doctor to address the issues raised during the DOT physical.
15. During Mr. Crase's doctor appointments it was discovered that he had a back impairment that required surgical intervention.
16. Mr. Crase informed the Defendant that he would need time off in October 2016 in order to undergo spinal surgery.
17. Mr. Crase was terminated one (1) week prior to his scheduled back surgery.
18. Mr. Crase had no write ups.
19. Mr. Crase had no discipline.
20. Mr. Crase had no notice of performance issues.
21. The Defendant intentionally and willfully terminated Mr. Crase due to his disability.
22. The Defendant failed to offer Mr. Crase FMLA.
23. The Defendant terminated Mr. Crase in retaliation for seeking leave for surgery.
24. The Defendant failed to inform Mr. Crase of his rights and benefits under FMLA.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Crase, for his first claim for relief against Defendant, states as follows:

25. Mr. Crase hereby incorporates by reference paragraphs 1 through 24 as though previously set out herein.

26. At all times relevant to this action, Mr. Crase was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

27. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Crase's disability.

28. The Defendant failed to communicate with Mr. Crase concerning his disability as required by the ADA.

29. The Defendant discriminated against Mr. Crase due to his disability.

30. The Defendant intentionally and willfully discriminated against Mr. Crase because he is disabled and/or because Mr. Crase has a record of being disabled and/or because the Defendant regarded Mr. Crase as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

31. Defendant's actions were intentional, willful and in reckless disregard of Mr. Crase's rights as protected by the ADA and Title VII.

32. Mr. Crase has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## FAMILY MEDICAL LEAVE ACT

33. Mr. Crase hereby incorporates by reference paragraphs 1 through 32 as though previously set out herein.

34. The Defendant was aware that Mr. Crase had an FMLA qualifying injury/event.

35. The Defendant was aware that Mr. Crase was missing work due to a disability.

36. The Defendant failed to offer Mr. Crase benefits under the FMLA.

37. Defendant failed to give Mr. Crase proper notice as required under the FMLA.

38. Defendant's termination of Mr. Crase was in violation of his rights under the FMLA.

39. Defendant failed to give Mr. Crase notice of his rights under the FMLA.

40. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Mr. Crase's legal rights under the FMLA.

41. Mr. Crase has suffered emotional and economic damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Crase, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Crase his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Mr. Crase all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Mr. Crase all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Crase, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff