UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVE CRASE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17 CV 440 |
| | ) |
| SEI SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss, or in the alternative, motion for summary judgment. (DE # 33.) For the reasons that follow, defendant's motion will be granted.

**I.     BACKGROUND**

This case stems from the former employment relationship between plaintiff Steve Crase and defendant SEI Solutions, LLC. (DE # 1.) Plaintiff began working for defendant in early 2016. (DE # 33-2 at 12-13, 16.) Plaintiff began as a maintenance supervisor (*id.* at 12), and two or three months later transitioned to the position of reliability manager. (*Id.* at 15-16.)

In May 2016, plaintiff had back surgery. (*Id.* at 34, 53.) Before the surgery, plaintiff told his supervisor that he would need approximately two weeks off of work for the surgery, and his supervisor approved his request. (*Id.* at 38.) Plaintiff ended up taking less than five days off of work. (*Id.* at 35.)

After the surgery, plaintiff was not supposed to do any lifting, and was not asked to do any lifting when he returned to work. (*Id.* at 36-38.) After about three weeks, he was able to begin lifting things again. (*Id.* at 41.)

In September or October 2016, plaintiff had a physical with the Department of Transportation ("DOT") to maintain his commercial driver's license. (*Id.* at 18-20.) During the examination, a nurse told him that he should seek further treatment to determine whether he had cancer. (*Id.* at 22-23.) Plaintiff sought further treatment, and discovered that he did not have cancer. (*Id.* at 28-31.) Plaintiff testified that, aside from feeling stress about the possibility of cancer, his work performance with defendant was not effected during this period. (*Id.* at 30.) Plaintiff did not request time off to attend appointments regarding this possible diagnosis (*id.* at 32), and there is no evidence in the record to suggest that defendant was aware that plaintiff might have cancer.

In or around September 2016, plaintiff scheduled a consultation appointment for the end of October 2016, to discuss the possibility of a second back surgery. (*Id.* at 49-50, 54.) Plaintiff was terminated on October 10, 2016. (*Id.* at 45; DE # 1 at 3.) At the time of his termination, he had not yet asked for time off for a second surgery. (DE # 33-2 at 50.) Plaintiff testified that his supervisor was aware that he would be having another surgery, although plaintiff had not discussed the issue with him (*Id.* at 50.)

Plaintiff subsequently filed this suit. Plaintiff's complaint alleges that defendant discriminated against him on the basis of his disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. (DE # 1 at 4.) Plaintiff also

2

alleges that defendant violated his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (*id.* at 5), and terminated him in retaliation for seeking leave for surgery. (*Id.* at 3.)

Defendant now moves to dismiss, or in the alterative, for summary judgment. (DE # 33.) Plaintiff, who is represented by counsel, failed to respond, and the time to do so has passed. The motion is ripe for ruling.

II.     DISCUSSION

   A.     *Motion to Dismiss*

In response to plaintiff's complaint, defendant filed an answer. (DE # 10.) Now, nearly two years later, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 33.) A motion asserting any of the defenses identified in Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendant's procedural error may be excused because " '[a] motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one.' " *Saunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015) (quoting *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970)). Moreover, "Rule 12(h)(2) expressly authorizes a party to file a motion to dismiss for failure to state a claim pursuant to Rule 12(c)[.]" *Id.* Motions under Rule 12(b)(6) and Rule 12(c) are analyzed under the same standard. *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007).

A judge reviewing a complaint pursuant to Rule 12(b)(6) or 12(c) must construe the allegations in the complaint in the light most favorable to the non-moving party,

3

accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018). Furthermore, under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiff's complaint sufficiently states claims under the ADA and the FMLA. Defendant argues that plaintiff's complaint did not specifically allege facts supporting each element of his claims. (*See e.g.* DE # 33 at 1.) Defendant attempts to hold plaintiff to a much more rigorous pleading standard than the federal rules require. The Federal Rules of Civil Procedure require a plaintiff to "plead *claims* rather than facts corresponding to the elements of a legal theory." *Chapman v. Yellow Cab Coop.,* 875 F.3d 846, 848 (7th Cir. 2017) (emphasis in original). Rule 8 does not require that the pleadings contain all facts required to ultimately prevail. *Id.* Accordingly, "it is

4

manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Id.* A plaintiff simply needs to put a defendant on notice of the claims at issue. *Id.* Plaintiff's complaint meets this standard. Therefore, defendant's motion to dismiss will be denied.

    B.    *Motion for Summary Judgment*

        1.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 56 allows for the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

Because plaintiff failed to file a response to defendant's motion for summary judgment, defendant is entitled to summary ruling on the motion – that is, a ruling without the benefit of plaintiff's response. However, even in a summary ruling posture, the court must find that "given the undisputed facts, summary judgment is proper as a matter of law." *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992).

2.   ADA

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To succeed on an ADA claim, an employee must establish three elements: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) the adverse job action was caused by his disability. *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016).

The statute defines "qualified individual" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). An individual can prove he is disabled for ADA purposes in one of three ways: (1) he has a physical or mental impairment that substantially limits one or more major life activities; (2) he has a record of such an impairment; or (3) he is regarded as having such an impairment by his employer. 42 U.S.C. § 12102; *Rooney v. Koch Air, LLC*, 410 F.3d 376, 381 (7th Cir. 2005). "Not all impairments or conditions qualify as a disability within the meaning of the ADA. To be disabled, an individual must be so limited in one or more major life activities that she is impaired in her ability to 'perform the variety of tasks central to most people's lives.'" *Rooney*, 410 F.3d at 381 (internal citations omitted).

Here, no reasonable jury could find that plaintiff was disabled for purposes of the ADA. There is, quite simply, no evidence in the record that plaintiff had any physical or mental impairment that substantially limited one or more of his major life

activities. There is also no evidence that plaintiff had a record of a disability. The fact that defendant had a record of plaintiff's surgery is not sufficient to establish that plaintiff was disabled because plaintiff's condition did not substantially limit any of his major life activities. *See id.* at 381 (employer's records of plaintiff's injuries and surgeries "are not evidence that he was statutorily disabled . . . To the contrary, the records indicate that after his surgery in 2000, Rooney was able to perform all major life activities as well as the functions necessary for his job such as occasional bending, lifting, and crawling."). Finally, there is no evidence that defendant regarded plaintiff as disabled, for ADA purposes. "A person is 'regarded as disabled' when the employer, rightly or wrongly, believes that she has an impairment that substantially limits one or more major life activities." *Id.* at 382 (quoting *Cigan v. Chippewa Falls Sch. Dist.*, 388 F.3d 331, 335 (7th Cir. 2004)). There is no evidence in the record that suggests that defendant believed plaintiff suffered from a substantially limiting impairment.

Even if plaintiff could establish that he has a qualifying disability, he would not be able to overcome the dearth of evidence linking his back condition or cancer scare to his termination. "We have repeatedly held that '[s]uspicious timing alone rarely is sufficient to create a triable issue,' and on a motion for summary judgment, 'mere temporal proximity is not enough to establish a genuine issue of material fact.'" *Riley v. City of Kokomo*, 909 F.3d 182, 188 (7th Cir. 2018) (internal citation omitted) (five-month period between plaintiff's medical leave and adverse employment action was insufficient to establish genuine issue of material fact to survive summary judgment).

Here, the evidence as a whole would not permit a reasonable factfinder to conclude that defendant terminated plaintiff because of any disability.

Plaintiff ultimately bears the burden of proof on the question of discrimination. *See Bekker v. Humana Health Plan, Inc.*, 229 F.3d 662, 672 (7th Cir. 2000). By pointing out an absence of evidence on the question of discrimination, defendant has discharged its own burden in connection with its motion for summary judgment. *Celotex,* 477 U.S. at 325.

### 3. FMLA

Plaintiff claims that defendant violated his rights under the FMLA. "To prevail on a claim that an employer interfered with the employee's rights under the FMLA, the employee must demonstrate (1) he was eligible for the FMLA, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Lutes v. United Trailers, Inc.*, 950 F.3d 359, 363 (7th Cir. 2020); *Guzman v. Brown Cty.*, 884 F.3d 633, 638 (7th Cir. 2018); 29 U.S.C. § 2615. To be eligible for FMLA leave, an employee must have been employed for at least 12 months by the employer to whom leave is requested. 29 U.S.C. § 2611(2)(A)(i).

Plaintiff's FMLA claims fail on the threshold question of his eligibility to take FMLA leave. Plaintiff began working for defendant in early 2016, and was terminated in October 2016. Thus, plaintiff was not eligible to take FMLA leave. *See Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1039 (7th Cir. 2013) (" 'There can be no doubt that the request—made by an ineligible employee for leave that would begin when she would

still have been ineligible—is not protected by the FMLA.' " (quoting *Walker v. Elmore County Board of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004))). Defendant is entitled to judgment as a matter of law with respect to plaintiff's claims that defendant failed to give him FMLA notices or benefits, and terminated him in violation of the FMLA.

Plaintiff also claims that defendant terminated his employment in retaliation for seeking leave for surgery. "Retaliation claims under the FMLA require that: (1) the employee engaged in statutorily protected activity; (2) the employer subjected her to an adverse action; and (3) the protected activity caused the adverse action." *Lutes*, 950 F.3d at 363; *see also Riley*, 909 F.3d at 188. On the record before this court, no reasonable jury could find that plaintiff has satisfied the first or third elements. Therefore, defendant is entitled to judgment as a matter of law on plaintiff's retaliation claim.

## IV. CONCLUSION

Defendant's motion to dismiss or, in the alternative, for summary judgment (DE # 33) is **GRANTED**. Plaintiff counsel's motion to withdraw (DE # 35) is also **GRANTED**. The court directs the Clerk to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendant SEI Solutions, LLC, and against plaintiff Steve Crase, who shall take nothing by way of the complaint.

### SO ORDERED.

Date: April 28, 2020

                            s/James T. Moody  
                            JUDGE JAMES T. MOODY  
                            UNITED STATES DISTRICT COURT